UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-80183-CR-MIDDLEBROOKS/BRANNON

UNITED STATES OF AMERICA,

vs.

RONALD MANUKYAN,

Defendant.

_____/



### REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO RE-OPEN BOND HEARING (DE 23)

This matter is referred, (DE 26), for a hearing on Defendant RONALD MANUKYAN's Motion to Re-Open Bond Hearing, (DE 23), and a bond hearing, if necessary. On March 31, 2016, the Court held a hearing on the motion and included, in the interest of both judicial economy and expense to the parties, testimony by bond witnesses in the event the Court concluded a bond hearing was appropriate. For the reasons that follow, the Court RECOMMENDS that the Motion to Re-Open Bond Hearing (DE 23) be DENIED.

### I.   BACKGROUND

Defendant is charged by Indictment (DE 3) with four counts of using a counterfeit access device; one count of using an unauthorized access device; and two counts of aggravated identity theft. On January 29, 2016, following a hearing, U.S. Magistrate Judge Go of the Eastern District of New York ordered Defendant released on a $300,000 bond, $25,000 of which was a cash bond, plus the filing of a Confession of Judgment against a co-op apartment which was posted as a security. A stay was entered, allowing the Government to appeal the bond. (DE 13). That appeal of the bond, which was somewhat confusingly

1

styled as a Motion to Revoke the Order Granting Bond, followed, (DE 9), with the transcripts from New York, (DE 10). The bond was ordered revoked by the District Court on February 1, 2016. (DE 12).

What is quite clear, however, is that the facts before Magistrate Judge Go supporting a bond in Judge Go's determination were insufficient to support a bond to Judge Middlebrooks. The transcript before Judge Go can be most easily found at DE 28-1.

1. Defendant is facing five counts of what is generally termed credit card fraud, an offense which has a maximum term of imprisonment of 10 years. (DE 28-1-5).

2. Additionally, Defendant faces two counts of aggravated identity theft, which has a mandatory term of imprisonment of 2 years consecutive to the other counts. (DE 28-1-5).

3. The loss amount pursuant to the Sentencing Guidelines is $220,000, consisting of $100,000 in actual purchases plus additional attempted purchases of $120,000, all in a two week period. (DE 28-1-5).

4. The evidence is strong, including multiple forms of identification and credit cards in the names of other persons in Defendant's possession at the time of his arrest in Florida. (DE 28-1-5).

5. Although a lawful permanent resident, Defendant is a Russian citizen and has a number of identification documents. (DE 28-1-6).

6. At the time of his arrest Defendant had indications of unexplained wealth, including the ability to operate a 2014 Lexus and a 2015 Mercedes E series. The Lexus had California license plates. Defendant, bearer of a New Jersey license, was arrested at his mother's home in Brooklyn. (DE 28-1-6).

7. A non-family member surety pledged her co-op apartment as security. The Defense proffered that similar apartment units were valued at $290,000 to $300,000. (DE 28-1-23).

8. Magistrate Judge Go noted, "Really, I mean other than the property, the sureties are barely financially responsible." (DE 28-1-24).

9. Magistrate Judge Go also pointed out that other assets of Defendant, including his online furniture business and the recent sale of a flower shop, would give him access to assets that would enable him to flee. She also noted that it was clear from the pretrial services report that Defendant had ties outside the United States. Further, Judge Go stated that Defendant's last trip to Russia was 4 years ago and his time in this country, 10 years, was "not a significant amount of time" since he left Russia. (DE 28-1-27).

Examining these facts, Judge Go concluded a bond was appropriate. The only additional matters mentioned by Judge Middlebrooks in his order that were not covered at the hearing, where Defendant was ably represented and had an opportunity to both explain and cross examine an agent, if he wished, were (1) travel to Russia by Defendant's mother; and (2) that some counterfeit identification documents had not been recovered. Judge Middlebrooks concluded, pursuant to these facts, that Defendant is a risk of flight and existing conditions are not sufficient to assure his appearance at trial.

## II. ANALYSIS & RECOMMENDATION

A district court's review of a magistrate judge's pretrial release order is *de novo*. *U.S. v. King*, 849 F.2d 485, 489-90 (11th Cir. 1988). It is the Government's burden to show, by a preponderance of the evidence, no conditions will reasonably assure defendant's presence at

trial. *Id.* at 489. The Government and the defense may proceed by proffering evidence during a detention hearing. *U.S. v. Gaviria*, 828 F.2d 667, 669 (11th Cir. 1987).

Section 3142(f) of the Bail Reform Act provides, in part:

> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

Here, in light of the fact that Judge Middlebrooks relied almost exclusively upon facts presented in New York and the facts that were not presented in New York were de minimis, the decision to grant the Government's appeal was appropriate. Given the Government's styling the matter as a revocation, the full format of an order granting the Government's appeal and entering a detention order was not followed.

Therefore, this Court recommends the following:

In light of (1) the ties to another country, (2) the presence of false identification documents (whether all known ones had been recovered or not), (3) the possible assets which might be available to facilitate flight, plus (4) the serious incarceration which Defendant faces if convicted as well as (5) the possible immigration consequences of such a conviction, there simply are no conditions which will reasonably assure the appearance of Defendant at trial. Therefore, pretrial detention is appropriate.

This recommendation is made relying solely upon the evidence presented at the hearing before Judge Go on January 28 and 29, 2016, the motions, and the argument heard by this Court on March 31, 2016. In light of those facts, no further bond hearing is required and no further testimony is necessary.

It is further recommended that, pursuant to 18 U.S.C. § 3142(i), an order be entered including these written findings of fact and a written statement of reasons as well as a directive that Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal, that Defendant be afforded a reasonable opportunity to consult privately with defense counsel, and that, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined must deliver Defendant to the U.S. Marshals for the purpose of a court appearance.

Based on the foregoing, the Court respectfully RECOMMENDS that Defendant's Motion to Re-Open Bond Hearing (DE 23) be DENIED.

### III. NOTICE OF RIGHT TO OBJECT

In accordance with 28 U.S.C. § 636(b)(1) and the Magistrate Rules of the Local Rules of the Southern District of Florida, the parties have fourteen (14) days from the date of this Report and Recommendation within which to file and serve written objections, if any, with the Honorable Donald M. Middlebrooks, United States District Judge. Failure to file objections timely shall bar the parties from attacking the factual findings contained herein on appeal. *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE AND RECOMMENDED in Chambers at West Palm Beach in the Southern District of Florida, this 8th day of April, 2016.

DAVE LEE BRANNON
U.S. MAGISTRATE JUDGE